### In re LAM MOW.

District Court, N. D. California, S. D.
June 13, 1927.

No. 19290.

Citizens ⬤3—Chinese person, born on American vessel on high seas of alien parents residing in United States, held not citizen "born in the United States" (Const. art. 14, § 1).

Chinese person, born on the high seas aboard an American vessel of parents who were aliens residing in the United States, *held* not a citizen, as one "born in the United States," under Const. art. 14, § 1.

Petition for writ of habeas corpus by Lam Mow, alias Lam Korea. On demurrer to petition. Petition denied.

Stephen M. White, of San Francisco, Cal., for petitioner.

George J. Hatfield, U. S. Atty., and Richard M. Lyman, Jr., Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

KERRIGAN, District Judge. Lam Mow, alias Lam Korea, applied to the United States immigration authorities for the port of San Francisco for admission into the United States as a citizen thereof. His claim of citizenship is based upon the ground that he was "born in the United States." There is no conflict as to the facts. The parents of Lam Mow, at the time of his birth, were subjects of China. They were residents of the United States, the father being a lawfully domiciled merchant. They were returning to the United States in December, 1912, after a visit to China, on the steamship Korea, a vessel of American registry. On December 9, 1912, on the high seas (lat. 21° 46′ N., long. 158° 39′ W.), Lam Mow was born. On arrival of the vessel at San Francisco in 1912, Lam Mow was admitted as the son of a merchant. He remained in the United States from 1912 to 1919, when he returned to China, where he has resided until his present return to the United States.

The single question to be considered is whether birth on the high seas aboard an American vessel confers citizenship upon a child whose parents are aliens residing in the United States. Article 14, § 1, of the Constitution of the United States, provides as follows: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. * * *" U. S. v. Wong Kim Ark, 169 U. S. 649, 18 S. Ct. 456, 42 L. Ed. 890, held that under this provision the children of resident aliens born in the United States are citizens of the United States.

It is strenuously contended on behalf of petitioner that a vessel of American registry is part of the territory or state within which its home port is situated, and as such a part of the United States; so that a child born on such a vessel, upon the high seas, is born "in the United States." This theory receives some support from the language of various courts in cases involving alien seamen aboard American vessels, and the effect upon their status of absence from the country on a voyage. Weedin v. Banzo Okada (C. C. A.) 2 F.(2d) 321; Ex parte T. Nagata (D. C.) 11 F.(2d) 178; Ex parte Kogi Saito (D. C.) 18 F.(2d) 116. Similar language appears in other cases considering question of jurisdiction over crimes committed on American vessels on the high seas. U. S. v. Rodgers, 150 U. S. 249, 14 S. Ct. 109, 37 L. Ed. 1071; Andersen v. U. S., 170 U. S. 481, 18 S. Ct. 689, 42 L. Ed. 1116.

This makes it necessary to consider the nature of the jurisdiction exercised by a sovereign nation over its vessels upon the high seas, in the light of the general principles of international law as recently interpreted by the United States Supreme Court. Scharrenberg v. Dollar S. S. Co., 245 U. S. 122, 38 S. Ct. 28, 62 L. Ed. 189; Cunard S. S. Co. v. Mellon, 262 U. S. 100, 43 S. Ct.

504, 67 L. Ed. 894, 27 A. L. R. 1306. In the latter case the court says:

"In support of their contention the defendants refer to the statement sometimes made that a merchant ship is a part of the territory of the country whose flag she flies. But this, as has been aptly observed, is a figure of speech, a metaphor. Scharrenberg v. Dollar S. S. Co., 245 U. S. 122, 127 [38 S. Ct. 28, 62 L. Ed. 189]; In re Ross, 140 U. S. 453, 464 [11 S. Ct. 897, 35 L. Ed. 581]; 1 Moore, International Law Digest, § 174; Westlake, International Law (2d Ed.) p. 264; Hall, International Law (7th Ed. Higgins) § 76; Manning, Law of Nations (Amos) p. 276; Piggott, Nationality, pt. II, p. 13. The jurisdiction which it is intended to describe arises out of the nationality of the ship, as established by her domicile, registry and use of the flag, and partakes more of the characteristics of personal than of territorial sovereignty. See The Hamilton, 207 U. S. 398, 403 [28 S. Ct. 133, 52 L. Ed. 264]; American Banana Co. v. United Fruit Co., 213 U. S. 347, 355 [29 S. Ct. 511, 53 L. Ed. 826, 16 Ann. Cas. 1047]; 1 Oppenheim, International Law (3d Ed.) §§ 123–125, 128. It is chiefly applicable to ships on the high seas, where there is no territorial sovereign, and as respects ships in foreign territorial waters it has little application beyond what is affirmatively or tacitly permitted by the local sovereign." Page 123 (43 S. Ct. 507).

The Supreme Court is here recognizing the fact that modern international law regards the fiction of territoriality of vessels on the high seas as untenable, and that the jurisdiction exercised by a state over its merchant vessels upon the ocean is conceded to it in virtue of its ownership of them as property in a place where no local jurisdiction exists. Hall, International Law (7th Ed.) § 77, p. 263. This jurisdiction arises out of the practical necessity of protecting the vessel, its passengers and crew, and their possessions, and adjusting their civil relationships and punishing their crimes pending the voyage. It is in this sense that the language used in the seamen's and other cases is to be interpreted. Although the United States has jurisdiction over American vessels upon the high seas, such vessels are not literally "part of" or "in" the United States.

Birth "in the United States" is required under the Fourteenth Amendment. Jurisdiction, civil and criminal, of the United States over the place of birth, is not in itself enough to bestow citizenship upon one not in fact born in the United States. This is apparent from a consideration of the status of persons found or born within conquered territory.

Downes v. Bidwell, 182 U. S. 244, 279, et seq., 21 S. Ct. 770, 45 L. Ed. 1088. Although born in a place where the United States had jurisdiction, namely, aboard the steamship Korea, on the high seas, Lam Mow was not born "in the United States," and is not a citizen of the United States.

The demurrer to the petition for a writ of habeas corpus is sustained. Petition denied.